IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-211 |
| SHAWN AUSTIN (4) | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 10, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Chris Eason.

On June 20, 2014, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell to thirty-seven (37) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Distribute or Possess with Intent to Manufacture or Distribute Methamphetamine.

On May 22, 2015, Defendant completed his period of imprisonment and began service of his term of supervised release.

On November 13, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 208 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) Defendant shall not

commit another federal, state, or local crime; (2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any such substances, except as prescribed by a physician; (5) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall notify the probation officer ten days prior to any change of residence or employment; and (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On October 23, 2015, Mr. Austin reported to the U.S. Probation Office in Texarkana, Texas and knowingly delivered a substance, namely an unknown individual's urine, in order to falsify a drug test. A small plastic bottle was found hidden in Mr. Austin's clothing and he signed an admission form confirming he attempted to adulterate the urine sample by providing urine that did not belong to him. This is a violation of Texas Health and Safety Code §481.133. Additionally, by attempting to falsify his drug test, Mr. Austin failed to participate in a program of testing for drug abuse; (3) On July 14, 2015, Mr. Austin submitted a urine specimen which tested positive for methamphetamine. The sample was confirmed positive by Alere Toxicology Services, Inc., and Mr. Austin admitted to said use; (4) On October 23, 2015, Mr. Austin submitted a urine

specimen that tested positive for methamphetamine. Mr. Austin admitted to said use; (5) On September 1, and October 5, 2015, Mr. Austin submitted monthly supervision reports indicating active employment with Reddy Ice in Paris, Texas. However, contact with the company's human resource office discovered Mr. Austin voluntarily left employment on August 10, 2015. As such, he failed to submit a truthful and complete written report; (6) Mr. Austin quit working for John Soules Foods in Tyler, Texas, and moved out of his residence on or about July 9, 2015, but failed to notify the probation officer as required. Mr. Austin quit working for Reddy Ice near Paris, Texas on or about August 10, 2015, but failed to notify the probation officer as required; and (7) According to reports from Pierce-Agnew, a drug testing facility and treatment provider in Paris, Texas, Mr. Austin failed to attend counseling as directed on September 16 and October 14, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to all seven (7) of the allegations of the Petition. Having considered the Petition and the plea of true to all allegations, the Court finds that Defendant did violate his conditions of supervised release. The Court recommends that his supervised release be revoked. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas region, if appropriate.

**SIGNED this 10th day of December, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE